IIN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINIOIS EASTERN DIVISION

| | |
|---|---|
| IN RE: ) | NO. 09-44155 |
| RESIDENTIAL TITLE SERVICES, INC. ) | HON. DONALD R. CASSLING |
| ) | BANKRUPTCY JUDGE |

### TRUSTEE'S SUPPLEMENT TO FINAL REPORT

NOW COMES the Trustee herein, Brenda Porter Helms, and submits to the Court this Supplement to the Trustee's Final Report which has been filed contemporaneously herewith. The purpose of this Supplement is to provide additional information necessary for the Court and creditors to evaluate the Trustee's Final Report.

Prior to the commencement of the case the Debtor was engaged in providing various title services, primarily relating to the conduct of real estate transaction closing, in a number of different states involving a number of different title insurance companies including, but not limited to Fidelity National Title Insurance Company ("Fidelity"), Commonwealth Land Title Insurance Co. ("Commonwealth") and Stewart Title Guaranty Company ("Stewart"). In connection with the various closings, Debtor would obtain funds at closing designated for various purposes, including title indemnities, recording deeds, real estate tax payments, etc. Generally, these designated funds were maintain in accounts at various banks and kept separate from the operating accounts of the Debtor. Accounts were maintained at Bank of America, PNC and Fifth Third Bank. It was the Trustee's position that inasmuch as the accounts were established by the Debtor and the Debtor was the sole signatory on the Accounts, the Accounts were property of the estate. Bank of America was the Debtor's lender and alleged a lien against all accounts established at Bank of America. Fidelity, Commonwealth and Stewart asserted that most of the Accounts were not property of the estate but were escrow accounts maintained at their behest and to be used for the designated purpose such as recording fees, real estate taxes and title indemnities. In addition, eleven customers of the Debtor claimed they were owed money held in escrow pursuant to their real estate closings.

    To resolve the issues and claims raised by the various parties the Trustee filed three adversary proceedings, in the Northern District of Illinois, to wit: Helms v. Bank of America, 10-01516, Helms v. PNC, 10-01599 and Helms v. Fifth Third Bank, 10-01598. Negotiations ensued and the parties reached an agreement whereby the funds in the PNC and Fifth Third Bank accounts were turned over to the Trustee. The funds in the estate were divided between the parties pursuant to agreement. The claims of customers who had deposited funds in escrow at their closings were allowed and paid in the amount of $128,302.90. The Trustee received compensation in the amount of $15,000, her counsel Springer Brown Covey Gaertner & Davis received compensation for legal fees in the amount of $10,000. Bank of America was paid $546,000, Stewart was paid $546,000 and Fidelity and Commonwealth were collectively paid $350,000.

    The Trustee filed a motion with the Court for authority to compromise with the various parties and, pursuant to notice sent to creditors, the Court entered an order on December 21, 2011 approving the settlement between the parties which is reflected on the Court's docket as document #142. After distribution pursuant to the settlement agreement, no funds remained in the estate and the Trustee now seeks to close the case. There will be no further distribution to creditors.

    Respectfully submitted,

/s/ Brenda Porter Helms
Trustee

Brenda Porter Helms
Chapter 7 Trustee
3400 W. Lawrence Ave.
Chicago IL 60625
(773) 463-6427