UNITED STATES BANKRUPTCY COURT
DISTRICT OF

In re:                                    §
                                          §
RESIDENTIAL TITLE SERVICES, INC.          §    Case No. 09-44155
                                          §
                                          §
            Debtor(s)                     §

NOTICE OF TRUSTEE'S FINAL REPORT AND
APPLICATIONS FOR COMPENSATION
AND DEADLINE TO OBJECT (NFR)

   Pursuant to Fed. R. Bankr. P. 2002(a)(6) and 2002(f)(8), please take notice that BRENDA PORTER HELMS, TRUSTEE, trustee of the above styled estate, has filed a Final Report and the trustee and the trustee's professionals have filed final fee applications, which are summarized in the attached Summary of Trustee's Final Report and Applications for Compensation.

   The complete Final Report and all applications for compensation are available for inspection at the Office of the Clerk, at the following address:
      CLERK OF COURT
      219 S. DEARBORN STREET
      CHICAGO IL 60604

Any person wishing to object to any fee application that has not already been approved or to the Final Report, must file a written objection within 21 days from the mailing of this notice, serve a copy of the objections upon the trustee, any party whose application is being challenged and the United States Trustee. A hearing on the fee applications and any objection to the Final Report will be held at 9:30 AM on 09/18/2013 in Courtroom 744,
     United States Courthouse
     219 S. Dearborn Street
     Chicago IL 60604
If no objections are filed, upon entry of an order on the fee applications, the trustee may pay dividends pursuant to FRBP 3009 without further order of the Court.

Date Mailed: 08/15/2013     By: CLERK  OF THE COURT


*BRENDA PORTER HELMS, TRUSTEE*
*3400 W. LAWRENCE AVENUE*
*CHICAGO, IL 60625*

**UNITED STATES BANKRUPTCY COURT**
NORTHERN **DISTRICT OF** ILLINOIS

| | |
|---|---|
| In re: § | |
| § | |
| RESIDENTIAL TITLE SERVICES, INC. § | Case No. 09-44155 |
| § | |
| Debtor(s) § | |

**SUMMARY OF TRUSTEE'S FINAL REPORT
AND APPLICATIONS FOR COMPENSATION**

| | |
|---|---|
| The Final Report shows receipts of | $ |
| and approved disbursements of | $ |
| leaving a balance on hand of[1] | $ |

Claims of secured creditors will be paid as follows:

| Claim No. | Claimant | Claim Asserted | Allowed Amount of Claim | Interim Payment to Date | Proposed Payment |
|---|---|---|---|---|---|
| 33 | Polo Towne Crossing Plano | $ | $ | $ | $ |
| 36 | City of Madison | $ | $ | $ | $ |
| 49 | Bank of America | $ | $ | $ | $ |
| 51 | Stewart Title of Illinois | $ | $ | $ | $ |
| 53 | Stewart Title of Illinois | $ | $ | $ | $ |
| 54 | Stewart Title of Illinois | $ | $ | $ | $ |
| 58 | Missouri Dept of Revenue | $ | $ | $ | $ |

| | |
|---|---|
| Total to be paid to secured creditors | $_____ |
| Remaining Balance | $_____ |

---

[1] The balance of funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursement will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. §326(a) on account of the disbursement of the additional interest.

UST Form 101-7-NFR (5/1/2011) *(Page: 2)*

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payment to Date | Proposed Payment |
|---|---|---|---|
| Trustee Fees: BRENDA PORTER HELMS, TRUSTEE | $ | $ | $ |
| Trustee Expenses: BRENDA PORTER HELMS, TRUSTEE | $ | $ | $ |
| Other: International Sureties | $ | $ | $ |
| Other: U-Store-It mini Warehouse Co | $ | $ | $ |

Total to be paid for chapter 7 administrative expenses     $_____

Remaining Balance     $_____

Applications for prior chapter fees and administrative expenses have been filed as follows:

NONE

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $            must be paid in advance of any dividend to general (unsecured) creditors.

Allowed priority claims are:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payment to Date | Proposed Payment |
|---|---|---|---|---|
| 2A | Illinois Dept of Employment Security | $ | $ | $ |
| 21 | Mark Massilian | $ | $ | $ |
| 22 | United States Treasury | $ | $ | $ |
| 26 | Wendall & Janice Peppers | $ | $ | $ |
| 27 | Rebecca & Branden Harwell | $ | $ | $ |
| 28 | Amelia Blue | $ | $ | $ |
| 31 | City of West Allis | $ | $ | $ |
| 32 | Scott & Diana Bentkover | $ | $ | $ |

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payment to Date | Proposed Payment |
|---|---|---|---|---|
| 38 | Theresa & Michael Weber | $ | $ | $ |
| 43 | Michelle Poling | $ | $ | $ |
| 44 | Michael Perry | $ | $ | $ |
| 45 | George Reynolds | $ | $ | $ |
| 58A | Missouri Dept of Revenue | $ | $ | $ |
| 64 | Illinois Dept of Revenue | $ | $ | $ |
| 64A | Illiniois Dept of Revenue | $ | $ | $ |

Total to be paid to priority creditors                $_____

Remaining Balance                                    $_____

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

Timely claims of general (unsecured) creditors totaling $            have been allowed and will be paid *pro rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be       percent, plus interest (if applicable).

Timely allowed general (unsecured) claims are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payment to Date | Proposed Payment |
|---|---|---|---|---|
| 1 | United Parcel Serivce | $ | $ | $ |
| 2 | Illinois Dept of Employment Security | $ | $ | $ |
| 4 | FedEx Customer Information | $ | $ | $ |
| 5 | Mike Hogan, Tax Collector | $ | $ | $ |
| 6 | Commonwealth Edison | $ | $ | $ |
| 7 | Mike Hogan Tax Collector | $ | $ | $ |
| 8 | Pitney Bowes Inc. | $ | $ | $ |
| 9 | Pitney Bowes Inc. | $ | $ | $ |

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payment to Date | Proposed Payment |
|---|---|---|---|---|
| 10 | J2 Global Communications Inc. | $ | $ | $ |
| 11 | Riordan and Scully Insurance | $ | $ | $ |
| 12 | Roundup funding, LLC | $ | $ | $ |
| 13 | Roundup Funding, LLC | $ | $ | $ |
| 14 | Roundup Funding LLC | $ | $ | $ |
| 15 | Roundup Funding LLC | $ | $ | $ |
| 16 | Roundup Funding, LLC | $ | $ | $ |
| 17 | Property Insights | $ | $ | $ |
| 18 | TTR Shipping | $ | $ | $ |
| 19 | Water Boy, Inc. | $ | $ | $ |
| 20 | First American Real Estate | $ | $ | $ |
| 22A | United States Treasury | $ | $ | $ |
| 23 | American Express Travel Related Services | $ | $ | $ |
| 24 | Qwest Communications Co LLC | $ | $ | $ |
| 25 | State of Wisconsin DWD UI | $ | $ | $ |
| 29 | Verizon | $ | $ | $ |
| 30 | Verizon Wireless | $ | $ | $ |
| 34 | Marlin Leasing | $ | $ | $ |
| 35 | Laclede Gas Co | $ | $ | $ |
| 37 | National Grange Mutual Ins Co | $ | $ | $ |
| 39 | Bank of America | $ | $ | $ |
| 40 | BAnk of America | $ | $ | $ |
| 41 | The Bank of New York Mellon | $ | $ | $ |
| 42 | The Bank of New York Mellon | $ | $ | $ |

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payment to Date | Proposed Payment |
|---|---|---|---|---|
| 46 | Shumaker Loop & Kendrick | $ | $ | $ |
| 47 | Key Equipment Finance Inc. | $ | $ | $ |
| 48 | Fidelity National Title Group | $ | $ | $ |
| 50 | Stewart Title of Illinois | $ | $ | $ |
| 52 | Steewart Title of Illinois | $ | $ | $ |
| 55A | U-Store-It Mini Warehouse Co | $ | $ | $ |
| 56 | Commonwealth Land Title Insurance Co | $ | $ | $ |
| 57 | Fidelity National Title Insurance | $ | $ | $ |
| 58B | Missouri Dept of Revenue | $ | $ | $ |
| 59 | Medlin Communications Inc. | $ | $ | $ |

Total to be paid to timely general unsecured creditors         $_____

Remaining Balance                                              $_____


Tardily filed claims of general (unsecured) creditors totaling $          have been allowed and will be paid *pro rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be       percent, plus interest (if applicable).

Tardily filed general (unsecured) claims are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payment to Date | Proposed Payment |
|---|---|---|---|---|
| 60 | Bill Bock | $ | $ | $ |
| 61 | Secure On-Site Shredding | $ | $ | $ |
| 62 | Hyun Jun | $ | $ | $ |
| 63 | Carlos Visinaiz | $ | $ | $ |
| 64 | Illinois Dept of Revenue | $ | $ | $ |

| | |
|---|---|
| Total to be paid to tardy general unsecured creditors | $_____ |
| Remaining Balance | $_____ |

Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $_____ have been allowed and will be paid *pro rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be _____ percent, plus interest (if applicable).

Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

NONE

Prepared By: /s/Brenda Porter Helms
Trustee

*BRENDA PORTER HELMS, TRUSTEE*
*3400 W. LAWRENCE AVENUE*
*CHICAGO, IL 60625*

**STATEMENT:**  This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.